UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

CRAIG YOUNG,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Craig Young, by and through undersigned counsel hereby files his Complaint against Defendant, Liberty Life Assurance Company of Boston, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Craig Young ("Mr. Young"), is a citizen of the United States and was at all times relevant a participant of the long-term disability policy ("long-term disability policy") at issue. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty" or "Defendant"), is the insurer and claims administrator of the long-term disability policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

## III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Mr. Young was employed with National Gypsum Company, Inc. as an Electrical Technician.

By virtue of his employment at National Gypsum Company, Inc., Mr. Young was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Young a monthly benefit in the event that he became disabled ("long-term disability benefits").

7. The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

"Disability" or "Disabled" means:

  1. For Persons other than pilots, co-pilots, and crewmembers of an aircraft:
     i.  That during the Elimination Period and the **next 24 months of Disability** the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
     ii. Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.
  2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:

"Disability" or "Disabled" means as a result of Injury of Sickness the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation.

7. Mr. Young suffers from chronic systolic heart failure, Non-Ischemic Cardiomyopathy, heart failure, peripheral neuropathy, cirrhosis of the liver, pitting edema and chronic gout.

8. Mr. Young has been unable to perform one or more of the essential duties of his own occupation, or any occupation; Mr. Young is disabled under the terms of the long-term disability policy.

9. Mr. Young was forced to discontinue working on or around November 3, 2015 due to his disabling conditions.

10. In accordance with the procedures set forth by the long-term disability policy, Mr. Young notified Defendant that he was disabled.

11. Defendant acknowledged Mr. Young's disability and accepted liability by paying long-term disability benefits effective February 11, 2016.

12. Defendant terminated Mr. Young's claim for long- term disability benefits effective May 15, 2018.

13. Mr. Young appealed Defendant's decision to terminate his long-term disability benefits.

14. Defendant denied Mr. Young's appeal and communicated its decision via letter dated October 17, 2018.

15. Mr. Young exhausted his appeals under ERISA.

16. In terminating Mr. Young's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

17. The termination of Mr. Young's disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

18. Defendant's termination of Mr. Young's long-term disability benefits breached the fiduciary duties owed to Mr. Young under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Young as a participant of the long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Plaintiff is entitled to the benefits identified herein because:
   a. the benefits are permitted benefits under the policy;
   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
   c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

21. Defendant has refused to pay the benefits sought by Mr. Young, ignoring the medical records and clear opinions of his treating physicians.

### V. COUNT II: WAIVER OF PREMIUM BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. Plaintiff is entitled to certain benefits of the policy consisting of waiver of premium benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

23. Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the life insurance policy;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

24. Defendant has refused to pay the benefits sought by Mr. Young, disregarding the medical records and clear opinions of her attending physicians evidencing disability.

## VI.   COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 24 as if fully stated herein and says further that:

25. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VII.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 25 as if fully stated herein and says further that:

26. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

27. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

28. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Craig Young, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 29th day of November, 2018.*

>BY:  */s/ Bryn Natland*
>Bryn Natland (FBN. 86604)
>bryn@longtermdisability.net
>Edward Philip Dabdoub (FBN. 45685)
>eddie@longtermdisability.net
>DABDOUB LAW FIRM, P.A.
>1600 Ponce de Leon Blvd., Suite 1205
>Miami, Florida 33134
>Tel: (305) 754-2000
>Fax: (305) 754-2007
>
>*Attorneys for Plaintiff, Craig Young*